UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re<br><br>ANN M. KALESNIK<br><br>          Debtor.<br><br>ANN M. KALESNIK,<br><br>          Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, AND OCWEN LOAN SERVICING, LLC,<br><br>         Defendant. | Chapter 13, No. 15-30597<br><br><br><br>Adv. Proceeding No. 16-03027 |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS ADVERSARY COMPLAINT

### INTRODUCTION

   Count I of the Plaintiff's Complaint fails to state a claim because Plaintiff, a Chapter 13 debtor, lacks standing to bring an action pursuant to 11 U.S.C. §544(a).  Count II of the Plaintiff's Complaint fails to state a claim because the Plaintiff fails to allege the elements necessary for a breach of contract claim.  Counts III, V, VI and VII must be dismissed because they are time-barred.  Count IV fails to state a claim because the Plaintiff is the owner of the Property, not a tenant.

### FACTS ALLEGED IN COMPLAINT

   1.  On July 24, 2006, Ann M. Kalesnik f/k/a Ann M. Phillips ("Plaintiff") granted a mortgage in favor of Fremont Investment & Loan on 55 Alfred Circle, Agawam, Massachusetts (the "Property") which was recorded with the Hampden County Registry of Deeds in Book 16069, Page 67 (the "Mortgage").  Complaint (hereinafter "Compl."), ¶ 8.

    2.      The Mortgage was assigned to HSBC Bank. *Id.,* ¶ 9.

    3.      The Mortgage identifies the Property by street address, and does not attach a "legal description." *Id.,* ¶ 12.

    4.      In May 2012, the Plaintiff submitted an application for approval of a Deed in Lieu of foreclosure. *Id.*, ¶ 18.

    5.      The Defendants informed the Plaintiff that they were willing to accept a Deed in Lieu of foreclosure from the Plaintiff. *Id.*, ¶ 20.

    6.      The Plaintiff vacated the Property in October 2012. *Id.,* ¶ 20.

    7.      The Plaintiff is the owner of the Property. *Id.,* ¶ 2.

## ARGUMENT

### I. Standard for Dismissal under 12(b)(6)

Under the standard for deciding a motion to dismiss for failure to state a claim, "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). A court is "not bound to accept legal conclusions couched in fact." *In re Di Vittorio,* 430 B.R. 26, 44 (Bankr. D. Mass. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has "facial plausibility" when a plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### II. Count I of the Complaint Fails to State a Claim Because Plaintiff Lacks Standing

Count I, which alleges that the Plaintiff can avoid the Mortgage pursuant to 11 U.S.C. § 544(a), fails to state a claim because "[t]here is no specific section of the Bankruptcy Code that

authorizes a debtor to prosecute an action under § 544… . In Massachusetts, courts have ruled that Chapter 13 debtor do not have avoidance powers." *Currie v. Wells Fargo Bank, N.A. (In re Currie),* 2013 WL 1305805 at *10 (D. Mass. 2013) (*citing Miller v. Brotherhood Credit Union (In re Miller),* 251 B.R. 770 (Bankr. D. Mass. 2000) and other cases). *See also Kirschke v. Butler Bank (In re Kirschke),* 2009 WL 4344434, at *4-*5 (Bankr. D. Mass. 2009) (holding that Chapter 13 debtors lacked standing to bring an avoidance action under 11 USC § 547), *aff'd,* 2010 WL 2510087 (D. Mass. 2010).

In *Miller,* Judge Hillman discussed cases from other jurisdictions and concluded as follows: "I find persuasive those cases which do not permit a Chapter 13 debtor to bring an independent avoidance action. I agree that, absent a specific grant of authority in the Bankruptcy Code, a Chapter 13 debtor cannot bring an avoidance action independent of section 522(h)." *Miller,* 251 B. R. at 773.[1]

The above Massachusetts decisions follow the majority rule:

> A majority of courts have held that a Chapter 13 debtor lacks standing to exercise avoidance powers. *See In re Stangel,* 219 F.3d 498 (5th Cir.2000) (Chapter 13 debtor lacks standing under 11 U.S.C. § 545); … *In re Merrifield,* 214 B.R. 362, 365 (8th Cir. BAP 1997) (Chapter 13 debtor lacks standing to pursue avoidance action because "statutory language of § 548 expressly confers avoidance powers exclusively on the trustee."); *In re Miller,* 251 B.R. 770 (Bankr.D.Mass.2000) (Debtor lacks standing to bring avoidance action under 11 U.S.C. § 547); *In re Cardillo,* 169 B.R. 8 (Bankr.D.N.H.1994) (Debtor lacks standing to bring avoidance action under 11 U.S.C. § 547); *In re Pilgreen,* 161 B.R. 552 (Bankr.M.D.Ga.1989) (Debtor lacks standing to bring avoidance actions under 11 U.S.C. § 547); *In re Colandrea,* 17 B.R. 568 (Bankr.D.Md.1982) (Debtor lacks standing to bring avoidance action under 11 U.S.C. § 547).

*Bell v. Instant Car Title Loans (In re Bell),* 279 B.R. 890, 897 n.7 (Bankr. N.D. Ga. 2002).

---

[1] Plaintiff has not made a claim under section 522(h). Plaintiff has no claim under that statute because mortgages are voluntary transfers. *See Kirschke,* at *5 (Bankr. D. Mass. 2009) ("Section 522(h) … is inapplicable as the alleged transfer was voluntary…. The alleged control that the Bank exerted over the Development Project and the fact that they signed the Agreement when the Loans were in default does not transform their voluntary granting of a mortgage into an involuntary transfer.") *aff'd,* 2010 WL 2510087 (D. Mass. 2010).

3

Thus, pursuant to both Massachusetts bankruptcy court decisions and the majority rule, Count I of Plaintiff's Complaint should be dismissed with prejudice because the Plaintiff lacks standing to file a claim under 11 U.S.C. § 544.

### III. Count II of the Complaint Fails to State a Claim Because the Plaintiff Has Not Alleged Facts Sufficient to Plead Breach of Contract

The well-known elements in formulation of a contract are: 1) an offer, 2) acceptance and 3) consideration. *Quinn v. State Ethics Commission*, 401 Mass. 210, 216 (1987). In order to state a claim for breach of contract, the Plaintiff must allege that a valid contract between herself and the Defendants existed along with: 1) the existence and terms of a contract supported by valid consideration; 2) that she performed under the contract; 3) that the Defendants breached the contract and 4) that this breach resulted in harm or damages to the Plaintiff. *See Singarella v. City of Boston*, 342 Mass. 385, 387 (1961). The Plaintiff has not alleged facts demonstrating that she performed under the contract, the Defendants breached the contract, or she was harmed by the Defendants' alleged breach. Moreover, the Plaintiff's contract claim is barred by the statute of frauds.

Ms. Kalesnik alleges she offered to deed the property to the Defendants in lieu of the Defendants foreclosing on her property (Compl., ¶ 18), and the Defendants informed Ms. Kalesnik that they were willing to accept her offer (*Id.*, ¶ 20). Assuming for the purposes of this motion that the alleged exchange created an enforceable contract between the parties, the alleged contract therefore bound: a) Ms. Kalesnik to deed the property to the Defendants; and b) the Defendants, in exchange for acceptance of the deed from Ms. Kalesnik, to forebear from foreclosing on the Property. However, the Complaint contains no allegation that the Plaintiff performed her most basic contract obligation: deeding the property to the Defendants. Without pleading this most basic of elements, the Plaintiff's contract claim must fail.

Second, the Complaint's allegation that "the actions of the Defendants constitute breaches of contract" (*id.*, ¶ 26) is merely conclusory and is not sufficient to state a cause of action. *See Iqbal*, 129 S. Ct. at 1949 ("[A] threadbare recital[] of the legal elements, supported by mere conclusory statements, [does] not suffice to state a cause of action."). According to the Complaint, the Defendants agreed to forebear from foreclosing on the Property in exchange for the Plaintiff's execution of a deed to the Property in the Defendants' favor. Compl., ¶ 18. Even if the Plaintiff had fulfilled her end of this bargain, the Plaintiff has not alleged any fact indicating the Defendants foreclosed on the Property contrary to the terms of the alleged contract. According to the Complaint, the Plaintiff is still the owner of the Property. *Id.*, ¶ 2. Without any facts to support the element of breach, the Plaintiff is forced to rely on conclusory allegations. Such statements lack the substantial certainty to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Third, the Plaintiff fails to plead any specific damages caused by the Defendants' alleged breach. *See Bean v. Bank of N.Y. Mellon*, No. CIV.A. 12-10930-JCB, 2012 WL 4103913, at *9 (D. Mass. Sept. 18, 2012). As noted *supra*, it is axiomatic that without pleading this most basic of elements, Plaintiff's breach of contract claim must fail. Paragraph 27 of the Plaintiff's Complaint requests that the Court reward damages, but does not identify any causal link between the alleged breach and the requested damages. The Plaintiff's contract claim therefore fails to satisfy the *Iqbal* pleading standard, and her contract claim must be dismissed under Rule 12(b)(6).

Finally, the Plaintiff's contract claim must also fail because there is no allegation that the alleged contract was in writing as required by the statute of frauds. A contract regarding the conveyance of an interest in real estate must be in writing and signed by the party to be charged

5

in order to be enforceable under the Massachusetts Statute of Frauds. M.G.L. c. 259, § 1; *see also 2 Arthur L. Corbin, Corbin on Contracts*, ch. 17 § 403 (1950). Thus, even if there were a contract for the Plaintiff to deed the property to the Defendants, the statute of frauds would bar its enforcement.

**IV.     The Plaintiff's Tort and Consumer Protection Claims are Time-Barred**

The Plaintiff's Count III (wrongful eviction/conversion), Count VI (misrepresentation) and Count VII (intentional infliction of emotional distress) allege tortious conduct on the part of the Defendants. Any tortious acts arising from the alleged conduct of the Defendants are subject to a three-year statute of limitations. M.G.L. c. 260, § 2A. Under Massachusetts law, tort claims accrue at the time of the alleged injury. *Corliss v. City of Fall River*, 397 F. Supp. 2d 260, 263 (D. Mass. 2005). Here, the allegedly tortious conduct occurred "between January 1, 2013 and September 2, 2013" (Compl. ¶ 29) and "in or about early 2013 through March of 2014" (Compl. ¶50). The Plaintiff did not file her Complaint until December 15, 2016, more than three years after the accrual of any of her alleged tort claims. The Plaintiff's wrongful eviction/conversion, misrepresentation and intentional infliction of emotional distress claims are therefore time-barred and must be dismissed.

The Plaintiff's Count V alleges violations of the Consumer Protection Statute, M.G.L. c. 93A. As evidence of her compliance with M.G.L. c. 93A's demand letter requirement, the Plaintiff attaches to her Complaint a demand letter dated May 1, 2013 in which she alleges that Ocwen's approval of a Deed in Lieu of Foreclosure and the Plaintiff's surrender of the Property constituted the beginning of unfair and deceptive conduct under M.G.L. c. 93A. Compl., Ex. A. According to the Complaint, the Defendants approved the Plaintiff's Deed in Lieu of Foreclosure application in or about May, 2012, Compl., ¶18, and the Plaintiff abandoned the Property by

6

October 2012.  *Id.*, ¶ 19, 20.  M.G.L. c. 93A claims are subject to a four-year statute of limitations, which begins running when the Plaintiff knew or should have known of the alleged injury.  M.G.L. c. 260 § 5A; *Lambert v. Fleet Nat. Bank*, 449 Mass. 119, 126, 865 N.E.2d 1091, 1097 (2007).  Because the Plaintiff filed the instant Complaint more than four years after she knew of the alleged unfair and deceptive conduct, her M.G.L. c. 93A claim is time-barred and must be dismissed.

**V.** **The Plaintiff's Breach of Quiet Enjoyment Claim Must Be Dismissed Because there is no Landlord-Tenant Relationship Between the Parties**

Count IV of the Plaintiff's Complaint alleges breach of quiet enjoyment.  However, the Plaintiff is the owner of the Property, not a tenant.  Compl. *¶ 2*.  The covenant of quiet enjoyment applies to interference with a tenancy and therefore is not applicable here.  M.G.L. c. 186, § 14; *Enfeld v. Rockland Trust Co.*, 87 Mass. App. Ct. 1103, 24 N.E.3d 1060 (2015) (*citing Blackett v. Olanoff*, 371 Mass. 714 (1977)).  Accordingly, the Plaintiff's Count IV fails to state a claim upon which relief can be granted and must be dismissed.

## CONCLUSION

For the reasons stated above, the Complaint should be dismissed because it fails to state a

claim upon which relief can be granted.

Dated:  February 15, 2017

    Respectfully submitted,
Defendant,
HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FREMONT HOME LOAN TRUST 2006-C, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-C
By its Attorneys (as to Count I of the Complaint),

/s/ John F. Willis
John F. Willis, Esq., BBO #649284
Douglas L. Whitaker, Esq. BBO #624949
Mary L. Cataudella, Esq. BBO #553350
Richard J. Welch, Esq. BBO #550266
FIDELITY NATIONAL LAW GROUP
265 Franklin Street, Suite 1605
Boston, MA 02110
T: (617) 316-0144
John.Willis@fnf.com


Respectfully submitted,
DEFENDANTS, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-C, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-C AND OCWEN LOAN SERVICING, LLC,
By their attorney (as to Counts II-VII of the Complaint),

/s/ Paul D. Bekker
Paul D. Bekker (BBO #687353)
HOUSER & ALLISON, APC
45 School Street, 2nd Floor
Boston, MA 02108
(617) 371-0922
pbekker@houser-law.com

**CERTIFICATE OF SERVICE**

I, John F. Willis, Esq. of Fidelity National Law Group., do hereby certify that on February 15, 2017 the foregoing Memorandum in Support of Motion to Dismiss was served electronically through the CM/ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ John F. Willis